**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Torry Campbell, | No. CV-22-01865-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

      Mr. Torry Campbell ("Plaintiff") seeks this Court's review of the Social Security Administration ("SSA") Commissioner's (the "Commissioner") denial of his application for Social Security Disability Insurance ("SSDI"). (Doc. 13 at 1). The Commissioner has filed an Answer Brief and Countermotion Motion to Remand ("Motion to Remand"). (Doc. 19). For the reasons that follow, the Court reverses the decision of the Administrative Law Judge ("ALJ") and remands this case for further proceedings.

## I.    Background

      Plaintiff filed for SSDI benefits on February 19, 2020, alleging he became disabled on November 18, 2018. (Doc. 11 ("AR") at 15). On August 2, 2021, the ALJ held a hearing to determine whether Plaintiff was disabled under the Social Security Act (the "Act").[1] (*Id*.) Plaintiff testified at this hearing. (*Id*.) After the hearing, the ALJ found that

---

[1] Disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment or combination of impairments that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months. (AR at 15).

1    Plaintiff was not disabled under the Act and denied his claim for SSDI benefits.  (*Id*. at 30).

2    **II.    Discussion**

3          In his Opening Brief, Plaintiff argues that the ALJ's decision is not supported by

4    substantial evidence because: (1) the ALJ rejected health care provider assessments without

5    providing sufficient explanations; and (2) the ALJ erred by failing to provide clear and

6    convincing reasons for discrediting Plaintiff's symptom testimony.  (Doc. 13 at 1–2).

7    Plaintiff asks this Court to remand for an award of benefits, or in the alternative, to remand

8    for further proceedings.  (*Id*. at 24).

9          In its Response and subsequent Motion to Remand, the Commissioner concedes that

10   remand is warranted here, but argues that the Court should remand for further proceedings

11   rather than with an instruction to award benefits.  (Doc. 19 at 2).  The Commissioner claims

12   the appropriate remedy is to remand for further proceedings due to conflicting medical

13   opinion evidence, ambiguities in the objective evidence and Plaintiff's course of treatment,

14   as well as Plaintiff's active substance abuse during the relevant period.  (*Id*.)

15         **A.    Legal Standards for Remand**

16         A reviewing court has the discretion to remand a case either for further

17   administrative proceedings or for a finding of disability and award of benefits.  *Rodriguez*

18   *v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989); s*ee also* 42 U.S.C. §405(g) (stating that courts

19   are empowered to "affirm, modify, or reverse" a decision by the Commissioner "with or

20   without remanding the cause for a rehearing.").  Although a court should generally remand

21   to the agency for additional investigation or explanation (sometimes referred to as the

22   "ordinary remand rule"), a court has discretion to remand for an award of benefits when no

23   useful purpose would be served by further administrative proceedings or when the record

24   has been fully developed and the evidence is insufficient to support the Commissioner's

25   decision.  *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014);

26   *Garrison v. Colvin*, 759 F.3d 995, 1017, 1020 (9th Cir. 2014).

27         The Ninth Circuit has set out a three-part test, sometimes referred to as the "credit-

28   as-true rule," to determine whether the Court should depart from the "ordinary remand

rule." *Treichler*, 775 F.3d at 1100-02; *Varney v. Sec'y of Health & Hum. Servs.*, 859 F.2d 1396, 1401 (9th Cir. 1988) ("*Varney II*"). That rule states that a district court may credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if: (1) the ALJ failed to provide legally sufficient reasons for rejecting evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Treichler*, 775 F.3d at 1100; *Garrison*, 759 F.3d at 1020. As well, it is "an abuse of discretion for a district court not to remand for an award of benefits when all of these conditions are met." *Garrison*, 759 F.3d at 1021 (internal citations omitted).

**B.     The Credit-As-True Rule Does Not Apply**

The credit as true rule cannot apply here because it is not clear from the record that the ALJ would be required to find the claimant disabled if the discredited evidence were credited. *Treichler*, 775 F.3d at 1100; *Garrison*, 759 F.3d at 1020. The Court will first address Plaintiff's symptom testimony, then the medical opinion testimony.

**1.     Plaintiff's Symptom Testimony**

At the hearing below, the ALJ found, as to Plaintiff's symptom testimony, that he has the residual functional capacity to "perform medium work as defined in 20 CFR 404.1567(c) except he can frequently climb ramps and stairs. He can never climb ladders, ropes or scaffolds. He can frequently balance, stoop, kneel, crouch and crawl" and that Plaintiff can have "occasional interaction with supervisors, co-workers and the public." (AR at 21). To reach this finding, the ALJ "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence" and also "considered the medical opinion(s) and prior administrative medical finding(s)." (*Id.*) Plaintiff testified on his own behalf. (AR at 17).

An ALJ must perform a two-step analysis when determining whether a claimant's testimony regarding subjective pain or symptoms is credible. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–1036 (9th Cir. 2007). First, the ALJ evaluates whether the claimant has

presented objective medical evidence of an impairment "which could reasonably be expected to produce the pain or symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (*en banc*) (internal quotation marks omitted)). Second, absent evidence of malingering, an ALJ may only discount a claimant's allegations for reasons that are "specific, clear and convincing" and supported by substantial evidence. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012).

Here, the Commissioner concedes that "the ALJ erred by discounting Plaintiff's symptom testimony solely because 'the objective medical records fail to support the severity of [the] impairments and symptoms alleged.'" (Doc. 19 (citing AR 21)). This concession is, in essence, a concession that the ALJ failed to provide legally sufficient reasons for rejecting evidence. *See Treichler*, 775 F.3d at 1100; *Garrison*, 759 F.3d at 1020. However, the Commissioner also argues that it is not clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited under the credit-as-true rule because "the conflict between Plaintiff's symptom testimony and the overall examination findings requires further administrative proceedings to resolve." (Doc. 18 at 9). The Court agrees.

Below, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (AR at 28). After discounting Plaintiff's testimony, the ALJ discussed other evidence in the record as to each of Plaintiff's impairments. For instance, the ALJ noted that Plaintiff's statements about the intensity, persistence, and limiting effects of his symptoms were inconsistent with the other evidence in the record, specifically his physical examinations. (*Id.* at 23). One such examination was the examination by the state agency medical consultant, G. Spellman, M.D., who opined that Plaintiff "was capable of performing medium work, with postural limitations consistent with the residual functional capacity." (*Id.* at 24). The ALJ also

noted that Dr. Spellman's opinion was supported by the treatment notes.  (*Id*.)

Conversely, Plaintiff testified that he suffered from "chronic cramps, pain and muscle spasms that occur mainly in the lower extremities [that] also affect his upper extremities. [Plaintiff also] reported experiencing facial twitching and difficulty swallowing." (AR 23).  Plaintiff also "reported taking daily naps, lasting one to four hours. He indicated that he relies on audible books due to his difficulty with understanding information. He reported he relies on his wife to pay bills, help him with organizing and that he no longer feels safe in driving."  (*Id*.)

Thus, this evidence is in such conflict that the Court cannot determine on appeal whether or not it is clear that the ALJ would be required to find the claimant disabled were such evidence credited. *Treichler*, 775 F.3d at 1100; *Garrison*, 759 F.3d at 1020.  A finding either way would require the Court to re-weigh the evidence, which it will not do.  *See Trejo v. Colvin*, 2016 WL 769106, at *3 (C.D. Cal. Jan. 28, 2016) ("This Court does not reweigh the evidence or act as a next-level fact-finder on appeal; its appellate review is limited to determining whether the agency committed reversible legal error.").  Thus, because there are outstanding issues that must be resolved before a determination of disability can be made, the Court must reverse and remand for further proceedings, rather than award Plaintiff benefits upon remand.  *See Connett v. Barnhart*, 340 F.3d 871, 874–76 (9th Cir. 2003) (concluding that a reviewing court retains discretion to remand for further proceedings even when the ALJ fails "to assert specific facts or reasons to reject [the claimant]'s testimony"); *see also Garrison*, 759 F.3d at 1021 (noting that a district court retains the flexibility to "remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act.").

## 2.    The Medical Opinions

The Commissioner also concedes that the ALJ committed legal error when he failed to sufficiently support his decision to reject the opinions of treating neurologist, Suraj Muley, M.D., treating primary care physician, Zachary Ortiz, M.D., state agency

consultative examiner Natalie Hurd, Psy.D., and non-examining psychologist Marc Walter, Ph.D.  (Doc. 19 at 1; 10).  While the Commissioner concedes this point, it also argues that remand is necessary so that the Agency may properly evaluate the medical opinion testimony.  (*Id*. at 10).

An ALJ "cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence.  The agency must 'articulate . . . how persuasive' it finds 'all of the medical opinions' from each doctor or other source" and "explain how [it] considered the supportability and consistency factors' in reaching these findings."  *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) (citing 20 C.F.R. § 404.1520c(b)).  The SSA regulations provide that the most important factors to consider when evaluating the persuasiveness of medical opinions are "supportability" and "consistency."  20 C.F.R. § 404.1520c(a).  Supportability refers to "the extent to which a medical source supports the medical opinion by explaining the 'relevant . . . objective medical evidence."  *Woods*, 32 F.4th at 791–92 (quoting 20 C.F.R. § 404.1520c(c)(1)).  Consistency refers to "the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim."  *Id.* at 792 (quoting 20 C.F.R. § 404.1520c(c)(2)).  *Woods* makes clear that to properly reject a medical opinion under the substantial evidence standard, the ALJ "must articulate how persuasive it finds all the medical opinions from each doctor or other source and explain how it considered the supportability and consistency factors in reaching these findings."  *Id.* (quoting 20 C.F.R. § 404.1520c(b)).

The Commissioner concedes that the ALJ failed to provide legally sufficient reasons for rejecting the opinions of Doctors Muley, Ortiz, Hurd, and Walter, but argues that remand is necessary to properly evaluate these opinions.  (Doc. 19 at 10).  Plaintiff argues that the Commissioner wants two bites at the apple by having a rehearing.  (Doc. 20 at 2).

Here, the ALJ considered and reviewed the medical opinions of Dr. Muley, Dr. Ortiz, Dr. Hurd, and Dr. Walter, as well as other opinions.  (AR at 24–28).  As to each of these opinions, the ALJ found that these opinions were not consistent with the "evidence

as a whole." (*Id.*)  For example, the ALJ noted that Dr. Muley opined Plaintiff was capable of completing his job but would need modifications.  (*Id.* at 25).  The ALJ found that Dr. Muley's treatment notes supported the RFC, but that "increased physical limitations" were not supported "given that [Plaintiff] was also often observed with normal coordination, no muscle hypertrophy, no involuntary movements, normal muscle tone, full to near full strength in the bilateral upper extremities, full range of motion in the bilateral upper extremities, negative straight leg raise" as well as "full to near full strength in the bilateral lower extremities, full range of motion in the bilateral lower extremities, and a normal gait." (*Id.* at 25) (citation omitted).  From this, the ALJ found that Dr. Muley's opinion was not persuasive because it was not supported by the relevant objective medical evidence—including his own treatment notes.  (*Id.* ("[t]he treatment notes support limitations consistent with the residual functional capacity.")).  The ALJ made similar findings as to Dr. Ortiz, Dr. Hurd, and Dr. Walter's opinions as well.  (AR at 24–28).

On the other hand, the ALJ found that the opinion of Dr. Spellman, a state agency medical consultant, was consistent with the evidence as a whole and was "very persuasive." (*Id.* at 24).  Dr. Spellman opined that Plaintiff could perform medium work, with postural limitations "consistent with the residual functional capacity" the ALJ assigned to Plaintiff. (*Id.*)  The ALJ noted that this opinion, as well as his finding, were supported by Dr. Spellman's treatment notes.  (*Id.*)

Under the third factor of the credit-as-true rule, it is not clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited here. *Treichler*, 775 F.3d at 1100; *Garrison*, 759 F.3d at 1020.  As demonstrated above, there are many medical opinions the ALJ was required to take into account and many of them conflicted with one another.  (AR at 24–28).  Thus, the Court cannot apply the credit-as-true rule here because some of Dr. Muley's opinions conflicted with his own treatment notes as well as Dr. Spellman's opinion, therefore, reversing and remanding for further proceedings is more appropriate. *See Dominguez v. Colvin*, 808 F.3d 403, 408-09 (9th Cir. 2015) (declining to apply credit-as-true rule where a treating physician's opinion conflicted

both with his own treatment notes as well as with the opinion of a separate examining physician).

**V.   Conclusion**

The Court, in its discretion, will remand Plaintiff's case for further proceedings rather than for an award of benefits. On remand, the ALJ must update the record as necessary; reconsidering the medical opinion evidence, Plaintiff's subjective complaints, and Plaintiff's RFC; offer Plaintiff a new hearing; and issue a new decision.

Accordingly,

**IT IS ORDERED** that the Commissioner's Motion to Remand (Doc. 19) is **granted**. The Administrative Law Judge's decision must be reversed and remanded for additional administrative proceedings consistent with the directives of this Order.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to enter judgment accordingly and terminate this action.

Dated this 2nd day of January, 2024.

Honorable Diane J. Humetewa
United States District Judge