**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Torry Campbell,

Plaintiff,

v.

Commissioner of Social Security Administration,

Defendant.

No. CV-22-01865-PHX-DJH

**ORDER**

Plaintiff Torry Campbell ("Plaintiff") filed a Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b) (Doc. 23), seeking an award of $48,960.00. Plaintiff's Motion was backed by a Memorandum in Support. (*See* Doc. 23-2). The Social Security Administration ("SSA") Commissioner (the "Commissioner") filed a Response (Doc. 24) neither supporting nor opposing the award sought.

**I. Background**

Plaintiff filed Applications for Social Security Disability Insurance Benefits and Supplemental Security Income, on February 19, 2020. (Doc. 1 at 2). These claims were originally denied and denied again on reconsideration. (*Id.*) Ultimately, The ALJ determined that Plaintiff was not disabled under the SSA, issuing his decision on August 17, 2021. (*Id.*) This decision became the final agency decision after it was adopted by the Appeals Council. (*Id.*). Plaintiff then sought judicial review of the ALJ's decision. (*See id.*). After opening and answer briefs were filed, the Commissioner filed a Motion to Remand (Doc. 19) for further proceedings. The Court granted the Commissioner's Motion

on January 2, 2024, and this matter was remanded for further proceedings. (*See* Doc. 21). No fees under the Equal Access to Justice Act ("EAJA") were requested or awarded in this matter.

Most recently, on remand, Plaintiff received a favorable decision, and, of the awarded amount, $57,754.50 was set aside to pay Plaintiff's representatives. (Doc. 23-2 at 3). Additionally, each of Plaintiff's children received a notice of award, stating in both that $3,000.00 had been set aside for representative fees. (*Id.*) Therefore, the total amount set aside to pay representative fees in this matter was $63,754.50. Pursuant to the fee agreement, Plaintiff's counsel now seeks $48,960.00 in attorney fees for their representation of Plaintiff.

**II. Legal Standard**

Section 406[1] establishes "the exclusive regime for obtaining fees for successful representation of Social Security benefits claimants." *Gisbrecht v. Barnhart*, 535 U.S. 789, 795–96 (2002). Section 406(b) provides that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. § 406(b)(1)(A). Fees are payable out of, and not in addition to, the amount of the past-due benefits. *Id.* Before awarding fees, the Court must consider whether the 42 U.S.C. § 406(b) fee requested is (1) within the statutory guidelines; (2) consistent with the fee agreement; and (3) reasonable in light of the contingent-fee agreement. *Gisbrecht*, 535 U.S. at 807–08.

**III. Discussion**

Plaintiff's counsel is seeking $48,960.00 in § 496(b) fees. (Doc. 23-2 at 2). Upon review of Plaintiff's Memorandum, the time expended and the amounts charged by Plaintiff's counsel are reasonable in this case. First, the fees sought adhere to § 406(b)'s guidelines. The SSA withheld a total of $63,754.50 for the payment of fees, representing

[1] Unless where otherwise noted, all Section references are to the Social Security Act.

that this amount was 25% of Plaintiff's past due benefits. (*See* Doc. 23-4). Therefore, a request of $48,960.00 does not exceed the 25% threshold. Second, this amount does not contravene the fee agreement which clearly states that Plaintiff's attorney would be entitled to 25% of past-due benefits. (Doc. 23-6 at 1). Lastly, the requested fee is reasonable given the contingent-fee agreement because it reflects the nature of the recovery. (Doc. 23-2 at 5). Plaintiff's case had a substantial risk of loss because Plaintiff had been repeatedly denied on agency review before the initiating this civil action. (*Id.*) In sum, the Court finds that the amount requested is reasonable under *Gisbrecht* and will award Plaintiff $48,960.00 in § 406(b) fees. Lastly, because no fees under the EAJA were sought or awarded, an offset is not necessary.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorney Fees (Doc. 23) is granted under 42 U.S.C. § 406(b). Plaintiff's counsel Jeremy D. Pekas is awarded $48,960.00 in attorney fees to be paid out of the sum from Plaintiff's past-due benefits.

Dated this 30th day of October, 2026.

Honorable Diane J. Humetewa
United States District Judge